**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____(State)_____

Case number (if known): _____   Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Z Gallerie, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | **N/A** |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-1965949** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1855 West 139th Street** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Gardena, California 90249** | |
| City                    State      Zip Code | City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Los Angeles County** | |
| County | Number          Street |
| | City                    State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.zgallerie.com** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Z Gallerie, LLC                                    Case number *(if known)*  _____
          Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**442110 (Furniture Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____ When _____ Case number _____
                                        MM/DD/YYYY

          District _____ When _____ Case number _____
                                        MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  **See Rider 1**                    Relationship  **Affiliate**

          District  **District of Delaware**                When

                                                                **03/11/2019**
          Case number, if known _____              MM / DD / YYYY

Debtor ____Z Gallerie, LLC_____     Case number *(if known)* _____
       Name

---

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____
City                                    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(On a Consolidated Basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(On a Consolidated Basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | Z Gallerie, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

(On a Consolidated Basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/11/2019
             MM/ DD /YYYY

✗ _Signature of authorized representative of debtor_

**Mark Weinsten**
Printed name

Title    **Interim President & CEO**

**18. Signature of attorney**    ✗ _Signature of attorney for debtor_    Date    03/11/2019
                                                                              MM/ DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 N. Market Street, Suite 1000**
Number          Street

**Wilmington**                          **Delaware**      **19801**
City                                    State            ZIP Code

**(302) 426-1189**                      dpacitti@klehr.com
Contact phone                           Email address

**3989**                                **Delaware**
Bar number                              State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Z Gallerie, LLC.

- Z Gallerie, LLC
- Z Gallerie Holding Company, LLC

## CONSENT OF THE SOLE MEMBER OF
## Z GALLERIE, LLC

March 10, 2019

The undersigned, being the sole member (the "<u>Member</u>") of Z Gallerie, LLC, a Delaware limited liability company (the "<u>Company</u>"), in lieu of holding a meeting of the Member hereby takes the following actions and adopts the following resolutions by written consent pursuant to the Company's limited liability company agreement (the "<u>LLC Agreement</u>") and the laws of the state of Delaware:

WHEREAS, the Member considered presentations by the management and the Company's financial and legal advisors regarding the Company's financial situation, the strategic alternatives available to it, and the effect of the foregoing on the Company's businesses.

WHEREAS, the Member has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

WHEREAS, the manager of the Member, as manager of the Company, has approved and authorized, by separate written consent, Z Gallerie, LLC's entry into a postpetition senior secured superpriority debtor in possession term loan facility (the "<u>DIP Financing</u>"), and authorized the Member's duly appointed officers to take any and all action necessary to consummate the DIP Financing.

WHEREAS, the Company will obtain benefits of the obligations arising from and in connection with the DIP Financing.

WHEREAS, in the judgment of the Member, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (as such term is defined in section 363(b) of the Bankruptcy Code), which is security for certain of the Company's secured lenders under that certain prepetition Credit Agreement, dated as of October 8, 2014, by and among the Company, as borrower, the Member, as a guarantor, the lenders party thereto (the "<u>Prepetition Secured Lenders</u>"), and KeyBank National Association, as a Prepetition Secured Lender and as agent for itself and the other Prepetition Secured Lenders.

WHEREAS, pursuant to the direction of the Member, the Company's management and advisors are proposing a plan of reorganization in good faith and consistent with the requirements of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

WHEREAS, pursuant to the direction of the Member, the Company's management and advisors have determined that it is necessary, based on the Company's judgment and acting in the best interests of the Company, its creditors, and other parties in interest, that the Company should close certain stores and liquidate the assets and inventory related thereto.

NOW, THEREFORE, BE IT:

## CHAPTER 11 FILING

RESOLVED, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file or cause to be filed the voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

RESOLVED, that any duly appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's businesses or to assist the Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of

delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Lazard Middle Market, LLC, as investment banker, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Lazard Middle Market, LLC.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Berkeley Research Group, LLC, as restructuring advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of the Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Berkeley Research Group, LLC.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a/ Stretto, as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Bankruptcy Management Solutions, Inc. d/b/a/ Stretto.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay

appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's Chapter 11 case, with a view to the successful prosecution of the case.

## DEBTOR IN POSSESSION FINANCING

RESOLVED, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company be and hereby is authorized and empowered to enter into that certain  postpetition Secured Superpriority Debtor In Possession Credit Agreement (the "DIP Credit Agreement"), which provides for the extension of term loans to the Company by and among the Company as borrower, and the Member, as guarantor, the lenders party thereto (the "DIP Lenders"), and Keybank, National Association, for itself, as a Lender and as Agent for itself and the other Lenders (in such capacity, the "DIP Agent") substantially in the form presented to the Member on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officers' execution and delivery thereof.

RESOLVED, that the Company will obtain benefits from the incurrence of the obligations and the occurrence and consummation of the transactions contemplated by the DIP Credit Agreement substantially in the form presented to the Member, which are necessary and appropriate to the conduct, promotion, and attainment of the business of the Company.

RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement, and the grant of security interests, the borrowings, any guaranties of indebtedness thereunder, and the transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and any Authorized Officer or other officer

of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement substantially in the form provided to the Member and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party or any order entered into in connection with the chapter 11 case (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve.

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations.

RESOLVED, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file: (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent or the DIP Lenders; and (d) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be authorized or required by the Financing Documents.

RESOLVED, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing

statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent or the DIP Lenders deem necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent or the DIP Lenders may reasonably request to perfect the security interests of the DIP Agent or the DIP Lenders under the Financing Documents.

RESOLVED, that the Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## USE OF CASH COLLATERAL

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash management order, and orders of the Bankruptcy Court in interim and final form (the "DIP Orders"),

and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the DIP Orders, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require each Company to grant adequate protection and liens to the Prepetition Secured Lenders and the DIP Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Orders or to do such other things which shall in his/her judgement be necessary, desirable, proper, or advisable, to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## CHAPTER 11 PLAN AND DISCLOSURE STATEMENT FILING

RESOLVED, that, in the judgment of the Member, it is in the best interests of the Company as a chapter 11 debtor and debtor in possession, their creditors, and other parties in interest in the Company's chapter 11 case to file a plan of reorganization (the "Plan") to resolve outstanding claims against and equity interests in the Company, as well as a disclosure statement (the "Disclosure Statement") for soliciting support of the Plan among the constituencies permitted to vote for the plan under the Bankruptcy Code, and that each of the Authorized Officers be, and hereby is, authorized and directed, on behalf of the Company, to execute and file such Plan and Disclosure Statement with the Bankruptcy Court.

## STORE CLOSING

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to begin the process of closing various Company stores and liquidating the assets and inventory

related thereto, including by negotiating with, and ultimately hiring, an agent to represent and assist each Company in operating "store closing" sales as is determined to be necessary; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of such agent.

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Member.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager of each direct subsidiary of the Company, in each case, as such Authorized Officer shall

deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

FURTHER RESOLVED, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

FURTHER RESOLVED, that the actions taken by this written consent shall have the same force and effect as if taken at a special meeting of the Member duly called and constituted pursuant to the LLC Agreement and the laws of the State of Delaware.

*       *       *       *       *

IN WITNESS WHEREOF, the undersigned Member has executed this Consent as of the date above first written.

**Z GALLERIE HOLDING COMPANY, LLC**,
a Delaware limited liability company

By:  Z Gallerie Holdings, LLC, its sole member

By:_____
Name:  Mark Weinsten
Title:  Authorized Officer

*[Signature Page to Z Gallerie, LLC Written Consent]*

Fill in this information to identify the case:

Debtor name _Z Gallerie, LLC, et al._

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.
Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BRENTWOOD ASSOCIATES 11150 SANTA MONICA STE 1200 LOS ANGELES, CA 90025 | Ryan Foltz T: 310-477-6611 F: 310-477-1011 rfoltz@brentwood.com | Unsecured Note Claims | | | | $    29,023,618 |
| 2 | UPS SUPPLY CHAIN SOLUTIONS INC. ATTN: BONIFACIO GAPULTOS 55 GLENLAKE PARKWAY NE ATLANTA, GA 30328 | BONIFACIO GAPULTOS T: 310-971-3786 F: 404-828-6912 bonifacio.gapultos@ups.com | Transportation | | | | $    2,260,553 |
| 3 | FEDERAL EXPRESS (FEDEX) 3610 HACKS CROSS ROAD MEMPHIS, TN 38125 | JOE CHANG T: 909-816-3584 F: 800-548-3020 joseph.chang@fedex.com | Transportation | | | | $    735,985 |
| 4 | APTOS INC. 945 EAST PACES FERRY ROAD, SUITE 2500 ATLANTA, GA 30326 | Martin Dube T: 1.678.671.0787 mdube@aptos.com | Professional Services | | | | $    610,789 |
| 5 | EDC MOVING SYSTEMS 2228 WIRTCREST, SUITE G HOUSTON, TX 77055 | ROSS HINTZ T: 713-680-2221 Ext. 212 F: 713-682-4259 rhintz@edc-mover.com | Transportation | | | | $    571,540 |
| 6 | WPROMOTE INC. 2100 EAST GRAND AVENUE, FIRST FLOOR EL SEGUNDO, CA 90245 | MICHAEL STONE AND MARISSA ALLEN T: 310-421-4844 F: 310-335-0488 mstone@wpromote.com; Marissa@wpromote.com | Professional Services | | | | $    516,320 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  C.H. ROBINSON COMPANY 14701 CHARLSON ROAD EDEN PRAIRIE, MN 55347-5076 | CHRIS WAASTED T: 714-647-7920 F: 952-937-7703 Chris.Waasted@chrobinson.com | Transportation | | | | $      429,490 |
| 8  BASSETT MIRROR COMPANY INC. 1290 PHILPOTT DRIVE BASSETT, VA 24055 | T: 276-629-3341  Ext. x321 F: 276-629-3709 | Merchandising | | | | $      418,680 |
| 9  TUSCANY 3PL 740 S. POWERLINE RD STE F DEERFIELD BEACH, FL 33442 | SCOTT DECUBELLIS T: 954-567-1700 Ext. 101 F: 954-486-5886 sd@tuscany3pl.com | Transportation | | | | $      401,225 |
| 10  LEFTBANK ART 14821 ARTESIA BLVD. LA MIRADA, CA 90638 | T: 562-623-9328 F: 562-623-9369 | Merchandising | | | | $      384,318.00 |
| 11  CORRA TECHNOLOGY INC. 363 BLOOMFIELD AVENUE MONCTLAIR, NJ 07042 | T: 212-268-4500 F: | Professional Services | | | | $      281,470 |
| 12  COYOTE LOGISTICS LLC 2545 WEST DIVERSEY AVENUE, 3RD FLOOR CHICAGO, IL 60647 | MAGGIE NEILL T: 773-365-6021 F: 847-295-2828 maggie.neill@coyote.com | Transportation | | | | $      226,192 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 DALLIMORE & CO. INC. 160 MERCER STREET, FLOOR 2 NEW YORK, NY 10012 | T: 212-503-0101 F: | Professional Services | | | | $ 225,000 |
| 14 LSC COMMUNICATIONS US LLC KEITH KANTOR 35 WEST WACKER DRIVE CHICAGO, IL 60601 | T: 312-326-8000 F: 312-326-8594 keith.e.kantor@lsccom.com | Professional Services | | | | $ 213,279 |
| 15 FACILITYSOURCE LLC 200 EAST CAMPUS VIEW BOULEVARD, SUITE 301 COLUMBUS, OH 43235 | T: 614-318-1816 F: 614-318-1701 | Professional Services | | | | $ 201,080 |
| 16 FEIZY RUGS 13800 DIPLOMAT DRIVE DALLAS, TX 75234-8812 | T: 214-747-6000 F: 214-760-0521 | Merchandising | | | | $ 200,164 |
| 17 TERRENO 139TH LLC 101 MONTGOMERY STREET SAN FRANCISCO, CA 94104 | T: 310-363-4813 F: 415-655-4599 | Landlord | | | | $ 198,046 |
| 18 XPO LOGISTICS 8283 NORTH HAYDEN ROAD HAYDEN CORPORATE CENTER, SUITE 220 SCOTTSDALE, AZ 85258 | SCOTT MATASAR T: 720-457-6458 F: 888-890-3874 Scott.Matasar@xpo.com | Transportation | | | | $ 171,968 |
| 19 MIDLAND PAPER COMPANY 101 EAST PALATINE ROAD WHEELING, IL 60090 | AARON TAUB T: 847-777-2856 F: 847-403-6320 aaron.taub@midlandpaper.com | Professional Services | | | | $ 167,898 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 20 CUSTOM GLOBAL LOGISTICS<br>317 WEST LAKE STREET<br>NORTHLAKE, IL 60164 | BEN DENNIS<br>T: 310-221-3921<br>F: 708-338-9033<br>bdennis@customco.com | Transportation | | | | $ 166,827 |
| 21 CLASSIC CONCEPTS INC.<br>4505 BANDINI BOULEVARD<br>VERNON, CA 90058 | T: 323-266-8993<br>F: 323-266-8995 | Merchandising | | | | $ 166,537 |
| 22 LANDSBERG CO.<br>1388 SAN MATEO AVENUE<br>SOUTH SAN FRANCISCO, CA 94080 | T: 650-871-3788<br>F: 650-871-3781 | Professional Services | | | | $ 165,860 |
| 23 PEKING HANDICRAFT INC.<br>1388 SAN MATEO AVENUE<br>SO SAN FRANCISCO, CA 94080 | T: 650-871-3717  Ext. x370<br>F: 650-871-3781 | Merchandising | | | | $ 145,808 |
| 24 MICROEXCEL INC.<br>400 PLAZA DRIVE, 1ST FL<br>SECAUCUS, NJ 07096 | T: 847-849-3159<br>F: 201-221-7825 | Professional Services | | | | $ 129,584 |
| 25 SPENCER N. ENTERPRISES INC.<br>10810 SAINT LOUIS DRIVE<br>EL MONTE, CA 91731 | T: 626-448-0374<br>F: 626-448-1153 | Merchandising | | | | $ 115,494 |
| 26 FACEBOOK INC.<br>BRYN MELANSON<br>1 HACKER WAY<br>MENLO PARK, CA 94025 | T: 650-543-4800<br>F: 650-543-4801<br>brynmelanson@fb.com | Professional Services | | | | $ 114,458 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 ELITE DELIVERY 4935 INDUSTRIAL WAY BENICIA, CA 94510 | ROGER IBSEN T: 707-745-4000 F: 707-747-4711 roger@elitedelivery.net | Transportation | | | | $      113,731 |
| 28 SOVOS COMPLIANCE LLC 200 BALLARDVALE STREET, 4TH FLOOR WILMINGTON, MA 01887 | T: 866-890-3970 F: | Professional Services | | | | $      104,280 |
| 29 PEOPLEREADY INC. 1015 A STREET TACOMA, WA 98402 | T: 626-440-8225 F: 877-733-0399 | Professional Services | | | | $       98,786 |
| 30 ACCURATE PERSONNEL LLC 33 S ROSELLE ROAD SCHAUMBURG, IL 60193 | T: 847-310-9100 F: 847-310-9284 | Professional Services | | | | $       98,462 |
| 31 LISTRAK INC. 100 W. MILLPORT ROAD LITITZ, PA 17543 | KATHERINE BROWN AND ROSS KRAMER T: 717-627-4528 F: 717-627-6087 katherine.brown@listrak.com; ross.kramer@listrak.com | Professional Services | | | | $       95,750 |
| 32 CONWAY MACKENZIE 77 WEST WACKER DR STE 4000 CHICAGO, IL 60601 | T: 312-220-0100 F: 248-433-3143 | Professional Services | | | | $       91,862 |
| 33 KIERLAND GREENWAY LLC 15205 N. KIERLAND, SUITE 150 SCOTTSDALE, AZ 85254 | T: 480-348-1577 F: | Landlord | | | | $       88,680 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 34 DUKE REALTY LP<br>600 EAST 96TH STREET, SUITE 100<br>INDIANAPOLIS, IN 46240 | T: 317-808-6000<br>F: 317-808-6650 | Landlord | | | | $    88,443 |
| 35 ARENT FOX LLP<br>555 WEST FIFTH STREET, 48TH FLOOR<br>LOS ANGELES , CA 90013 | T: 213-629-7400<br>F: 213-629-7401 | Professional Services | | | | $    88,116 |
| 36 4TH STREET HOLDINGS LLC.<br>C/O BOND RETAIL<br>5 THIRD STREET, STE 1225<br>SAN FRANCISCO, CA 94103 | T: 415-646-0007<br>F: | Landlord | | | | $    87,426 |
| 37 METROPOLITAN TELECOMMUNICATIONS<br>101 Crawfords Corner Rd<br>Holmdel NJ 07733 | Sandra Binetti<br>T: (212) 607-2000<br>F: (212) 701-8388<br>sbinetti@mettel.net | Professional Services | | | | $    82,652 |
| 38 KD KNOX STREET VILLAGE HOLDCO<br>1209 ORANGE STREET<br>CORPORATION TRUST CENTER<br>WILMINGTON, DE 19801 | T: 214-572-8426<br>F: | Landlord | | | | $    82,272 |
| 39 HIGHLAND VILLAGE LTD PTSHP<br>4055 WESTHEIMER RD<br>HOUSTON, TX 77027 | Haidar Barbouti<br>T:  (713) 850-3100<br>F: | Landlord | | | | $    82,007 |
| 40 LOCKTON INSURANCE BROKERS LLC<br>725 SOUTH FIGUEROA, 35TH FLOOR<br>LOS ANGELES, CALIFORNIA 90017<br>UNITED STATES | Kristen Darling<br>T: 213 689 2357<br>F: 213-689-0550<br>krdarling@lockton.com | Professional Services | | | | $    80,918 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 41 | CAF LAW GROUP 8444 WILSHIREBLVD. 8TH FLOOR BEVERLY HILLS, CA 90211 | T: 323-202-2200 F: 323-218-8686 | Professional Services | | | | $ 78,555 |
| 42 | PINTEREST INC 808 BRANNAN STREET SAN FRANCISCO, CA 94103-4904 | Meaghan Haire P: 650-308-4604 F:415-762-7101 meaghan@pinterest.com | Professional Services | | | | $ 75,815 |
| 43 | SADA SYSTEMS INC. 5250 LANKERSHIM BLVD. STE 620 N HOLLYWOOD, CA 91601 | T: 818-697-6926 F: 818-766-0090 | Professional Services | | | | $ 75,000 |
| 44 | SUN DELIVERY LLC 13 STANLEY AVE THOMASVILLE, NC 27360 | T: 336-472-5000 F: 336-472-5189 | Transportation | | | | $ 74,388 |
| 45 | MCG LOGISTICS 23456 MADERO, STE 100 MISSION VIEJO, CA 92691 | JAMES MANNING T: 949-699-0690 Ext. 211 F: 949-625-9001 jmanning@mcglogistics.com | Professional Services | | | | $ 73,334 |
| 46 | UE PATSON MT. DIABLO A LP C/O URBAN EDGE PROPERTIES 210 ROUTE 4 EAST PARAMUS, NJ 07652 | T: 201-571-3500 F: | Landlord | | | | $ 71,451 |
| 47 | RETAILNEXT INC. 60 S MARKET STREET 10TH FLOOR SAN JOSE, CA 95113 | T: 408-884-2162 F: 408-884-2162 | Professional Services | | | | $ 69,411 |
| 48 | ERNST & YOUNG US LLP 725 South Figueroa Street, Suite 500 LOS ANGELES, CA 90017 | Michael A. Hackler P:1 213 977 3200 F:1 855 873 5329 michael.hackler@ey.com | Professional Services | | | | $ 66,950 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 49 | SELECT STAFFING 3820 STATE ST (N. LA CUMBRE RD.) SANTA BARBARA, CA 93105 UNITED STATES | P: (805) 822-2200 F: 805-898-7111 | Professional Services | | | | $         65,852 |
| 50 | SOUTH COAST PLAZA 3333 BRISTOL STREET COSTA MESA, CA 92626 | T: 714-641-5820 F: 714-641-2858 | Landlord | | | | $         64,433 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | )<br>) Chapter 11 |
| Z GALLERIE, LLC, | )<br>) Case No. 19-_____ (___) |
| Debtor. | )<br>) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Z Gallerie, LLC | Z Gallerie Holding Company, LLC | 1855 West 139th Street, Gardena, CA 90249 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Z GALLERIE, LLC, | ) | Case No. 19-_____ (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Z Gallerie Holding Company, LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Z GALLERIE, LLC, *et al.*, | ) | Case No. 19-[_____] (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**CERTIFICATION OF CREDITOR MATRIX**

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Z Gallerie, LLC (3816) and Z Gallerie Holding Company, LLC (5949). The location of the Debtors' service address is: 1855 West 139th Street, Gardena, CA 90249.

Fill in this information to identify the case and this filing:

Debtor Name        Z Gallerie, LLC

United States Bankruptcy Court for the:        District of Delaware
                                                    (State)

Case number (if known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule*

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  *Other document that requires a declaration*_____  List of Equity Security Holders, Corporate Ownership Statement, Certification of Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

        **03/11/2019**
        MM/ DD/YYYY                        Signature of individual signing on behalf of debtor

                                            **Mark Weinsten**
                                            Printed name

                                            **Interim President &CEO**
                                            Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**