## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Z GALLERIE, LLC, *et al.*,[1] | ) | Case No. 19-10488 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
## (I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND
## LIABILITIES, SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
## SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
## STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (the "Motion"):[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):   (a) extending the deadline by which the Debtors must file the

schedules of assets and liabilities, schedules of current income and expenditures, schedules of

executory contracts and unexpired leases, and statements of financial affairs

(collectively, the "Schedules and Statements") by thirty days in addition to the extension

provided by Local Rule 1007-1(b), for a total of fifty-eight days from the Petition Date, to and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Z Gallerie, LLC (3816) and Z Gallerie Holding Company, LLC (5949).  The location of the Debtors' service address is: 1855 West 139th Street, Gardena, CA 90249.

[2]    A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mark Weinsten, Interim President and Chief Executive Officer of Z Gallerie, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on March 11, 2019 (the "Petition Date"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration.

including May 8, 2019, without prejudice to the Debtors' ability to request additional extensions for cause shown, and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 101–1532 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1(b).

## Basis for Relief

5.      The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, and schedules of executory contracts and unexpired leases, and statements of financial affairs within fourteen days after their petition date.  Local Rule 1007-1(b), however, extends the filing deadline for such schedules and statements to twenty-eight days if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their

2

addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds two hundred.  The Debtors here have filed a list of creditors in accordance with Local Rule 1007-2, which list reflects that the total number of their creditors exceeds two hundred.[3]

6.      The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-l(b).  Bankruptcy Rule 1007(c) together with Bankruptcy Rule 9006(b) allow the Court to extend the filing deadline for the Schedules and Statements "for cause shown."  Similarly, Local Rule 1007-l(b) provides that such an extension may be granted for cause.  Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party."  *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

7.      Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements.  The ordinary operation of the Debtors' businesses requires the Debtors to maintain voluminous books, records, and complex accounting systems.  To prepare the Schedules and Statements, the Debtors must compile information from those books and records, and from documents relating to the claims of their thousands of creditors, many of whom are customers, and the Debtors' many assets and contracts.  This information is extensive and located in numerous places throughout the Debtors' organization.  Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

---

[3]      *See Chapter 11 Voluntary Petition* [Docket No. 1].

PHIL1 7689031v.1

8.      Prior to the Petition Date, the Debtors focused on preparing for the chapter 11 filing, preparing the businesses to transition into chapter 11, and negotiating with their significant creditor constituencies.  Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements, and are working diligently to move the process forward, the Debtors anticipate that they may require up to thirty additional days to complete the Schedules and Statements.  The Debtors submit that the extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.  The Debtors therefore request that the Court extend the twenty-eight-day period for an additional thirty days, without prejudice to the Debtors' right to request further extensions, for cause shown.

9.      Courts in this district have granted similar relief to that requested herein in a number of cases.  *See, e.g.*, *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del. Oct. 24, 2018) (granting debtors a total of 57 days from the petition date to file their schedules and statements); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 27, 2017) (granting debtors a total of 60 days from the petition date to file their schedules and statements); *In re Eastern Outfitters, LLC*, No. 17-10243 (LSS) (Bankr. D. Del. Mar. 2, 2017) (same); *In re Wet Seal, LLC,* No. 17-10229 (CSS) (Bankr. D. Del. Feb. 23, 2017) (same); *In re Abeinsa Holding*

4

*Inc.* No. 16-10790 (KJC) (Bankr. D. Del. Mar. 31 2016) (same); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 25, 2015) (same).[4]

## Notice

10.     The Debtors will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Agent for the Debtors' prepetition secured credit facility; (d) counsel to the Agent for the Debtors' prepetition secured credit facility; (e) counsel to the DIP Financing Agent; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for all states in which the Debtors conduct business; and (j) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

11.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  March 11, 2019<br>Wilmington, Delaware | */s/ Domenic E. Pacitti* |

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

-and-

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Justin R. Bernbrock (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*