## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: **Z GALLERIE, LLC**, *et. al.,*

Debtors

Case No. 19-10488 (LSS)

## INITIAL MONTHLY OPERATING REPORT
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| 12-Month Cash Flow Projection (Form IR-1) | 13-Wk CF Attached | See Pg. 40 of Interim DIP Order |
| **Certificates of Insurance:** | | |
| Workers Compensation | ✓ | |
| Property | ✓ | |
| General Liability | ✓ | |
| Vehicle | ✓ | |
| Other: | NA | |
| Identify areas of self-insurance w/liability caps | NA | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | NA | |
| General Operating Account | ✓ | Full Acct #s Provided Separately |
| Money Market Account pursuant to Local Rule 4001-3. Refer to http://www.deb.uscourts.gov/ | NA | |
| Other: All other depository and disbursement accounts | ✓ | Full Acct #s Provided Separately |
| **Retainers Paid (Form IR-2)** | ✓ | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____
Signature of Debtor

_____
Date

_____
Signature of Joint Debtor

_____
Date

_____
Signature of Authorized Individual*

March 26, 2019
_____
Date

Mark Weinsten
_____
Printed Name of Authorized Individual

Interim President & CEO
_____
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

**In re: Z GALLERIE, LLC,** *et. al* **.,**                    **Case No. 19-10488 (LSS)**
                                  Debtor          <u>Reporting Period: As of 3/11/19</u>

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS [1]
(This schedule is to include each Professional paid a retainer [1])

| Payee | Check Date | Number | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| Berkeley Research Group LLC | 11/29/2018 | ACH | Z Gallerie LLC | 62,500 | Unknown | Unknown |
| Berkeley Research Group LLC | 3/6/2019 | ACH | Z Gallerie LLC | 137,500 | Unknown | Unknown |
| Kirkland & Ellis LLP | 1/23/2019 | Wire | Z Gallerie LLC | 150,000 | (150,000) | - |
| Kirkland & Ellis LLP | 1/30/2019 | Wire | Z Gallerie LLC | 150,000 | (150,000) | - |
| Kirkland & Ellis LLP | 2/19/2019 | Wire | Z Gallerie LLC | 150,000 | (150,000) | - |
| Kirkland & Ellis LLP | 2/22/2019 | Wire | Z Gallerie LLC | 150,000 | (150,000) | - |
| Kirkland & Ellis LLP | 3/4/2019 | Wire | Z Gallerie LLC | 750,000 | (750,000) | - |
| Kirkland & Ellis LLP | 3/8/2019 | Wire | Z Gallerie LLC | 500,000 | (159,720) | 340,280 |
| Lazard Middle Market LLC | 3/7/2019 | Wire | Z Gallerie LLC | 75,000 | Unknown | Unknown |
| Stretto | 3/8/2019 | Wire | Z Gallerie LLC | 10,000 | Unknown | Unknown |
| Klehr Harrison Harvey Branzburg LLP | 3/8/2019 | Wire | Z Gallerie LLC | 100,000 | (59,187) | 40,813 |

[1] There are no Evergreen retainers

[2] A full reconciliation of the remaining retainer as of the Petition Date has not yet been reconciled. The respective professionals will include a reconciliation of the retainer in their first fee application.

**Z Gallerie Weekly Cash Flow Forecast**
*($mm)*
*Sect 4.1(d) of Credit Agreement*
14-Mar-19
CH 11 Filing

|  |  | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Month | | | | APRIL | | | | | MAY | | | | JUNE | |
| Week Beginning | | 3/10/19 | 3/17/19 | 3/24/19 | 3/31/19 | 4/7/19 | 4/14/19 | 4/21/19 | 4/28/19 | 5/5/19 | 5/12/19 | 5/19/19 | 5/26/19 | 6/2/19 | |
| Week Ending | | 3/16/19 | 3/23/19 | 3/30/19 | 4/6/19 | 4/13/19 | 4/20/19 | 4/27/19 | 5/4/19 | 5/11/19 | 5/18/19 | 5/25/19 | 6/1/19 | 6/8/19 | Week 1-13 |
| Beginning Cash Balance - book | | 2.834 | 7.749 | 8.605 | 6.763 | 2.522 | 5.693 | 5.024 | 2.378 | 2.045 | 2.125 | 2.652 | 2.155 | 2.710 | 2.834 |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Written sales | | 3.840 | 3.661 | 4.423 | 2.553 | 3.828 | 2.574 | 4.053 | 3.886 | 3.964 | 4.036 | 4.402 | 6.469 | 3.549 | 51.237 |
| Written sales - closed doors (liq period) | | | 0.791 | 0.452 | 0.339 | 0.674 | 0.599 | 0.225 | | | | | | | 3.080 |
| **Total Cash Receipts From Operations** | | 3.840 | 4.452 | 4.875 | 2.892 | 4.502 | 3.173 | 4.277 | 3.886 | 3.964 | 4.036 | 4.402 | 6.469 | 3.549 | 54.317 |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | | | |
| **Operating:** | | | | | | | | | | | | | | | |
| Inventory | | (0.949) | (0.803) | (1.243) | (0.633) | (0.178) | (1.068) | (0.984) | (0.902) | (1.382) | (1.082) | (1.496) | (1.638) | (1.030) | (13.388) |
| Inbound freight/duties+supplies | | (0.334) | (0.294) | (0.186) | (0.243) | (0.221) | (0.288) | (0.096) | (0.027) | (0.161) | (0.149) | (0.136) | (1.177) | (0.164) | (3.477) |
| Payroll | | | (1.585) | | (1.535) | | (1.514) | | (1.514) | | (1.384) | | (1.384) | | (8.918) |
| Rent | | | | | (2.862) | | | | | (2.285) | | | | (2.283) | (7.430) |
| Delivery to customers & stores | | (0.224) | (0.244) | (0.274) | (0.262) | (0.190) | (0.235) | (0.215) | (0.240) | (0.254) | (0.236) | (0.218) | (0.201) | (0.212) | (3.007) |
| Sales taxes | | (0.030) | (0.030) | (1.273) | (0.030) | (0.030) | (0.008) | (1.237) | (0.030) | (0.030) | (0.008) | (1.132) | (0.027) | (0.030) | (3.892) |
| CAPEX (incl. "APTOS" dev costs) | | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.013) | (0.163) |
| Marketing | | (0.050) | (0.365) | (0.050) | (0.075) | (0.100) | (0.100) | (0.100) | (0.100) | (0.100) | (0.265) | (0.060) | (0.075) | (0.075) | (1.515) |
| Employee benefits & workers comp. | | (0.506) | | (0.520) | (0.041) | (0.130) | | (0.055) | (0.506) | (0.110) | (0.020) | (0.055) | (0.506) | (0.110) | (2.561) |
| Other trade vendors | | | | (1.435) | | | | (1.360) | | | | (1.360) | | | (4.155) |
| IT costs | | (0.115) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.010) | (0.115) | (0.340) |
| Utilities | | (0.041) | (0.059) | (0.035) | (0.044) | (0.041) | (0.059) | (0.035) | (0.044) | (0.041) | (0.059) | (0.035) | (0.035) | (0.041) | (0.569) |
| Other | | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.050) | (0.650) |
| Outside services | | (0.059) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.064) | (0.827) |
| R&M | | (0.010) | (0.010) | (0.010) | (0.010) | (0.015) | (0.015) | (0.015) | (0.015) | (0.015) | (0.015) | (0.015) | (0.015) | (0.015) | (0.175) |
| Printing/postage/supplies | | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.024) | (0.306) |
| CGL insurance | | | (0.040) | | | | | (0.040) | | | | (0.040) | | | (0.119) |
| Professional fees (recurring) | | (0.005) | (0.005) | (0.005) | (0.005) | (0.005) | (0.005) | | (0.005) | (0.005) | (0.005) | (0.005) | (0.005) | (0.005) | (0.060) |
| Equipment lease & repairs | | | | (0.025) | (0.005) | | | | (0.025) | (0.005) | | | (0.025) | (0.025) | (0.084) |
| Travel, meals & entertainment | | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.001) | (0.013) |
| **Subtotal - operating** | | (2.410) | (3.596) | (5.217) | (5.908) | (1.071) | (3.453) | (4.298) | (3.568) | (4.548) | (3.385) | (4.674) | (5.264) | (4.254) | (51.646) |
| **Restructuring:** | | | | | | | | | | | | | | | |
| Professional fees | | | | | (0.725) | | | (2.625) | (0.650) | (0.075) | (0.125) | (1.225) | (0.650) | (0.138) | (6.213) |
| Deposits/reserves | | (1.650) | | (0.500) | (0.500) | | | | | | | | | | (2.650) |
| Rent - stub | | | | (1.000) | | | | | | | | | | | (1.000) |
| Re-fi costs | | (0.115) | | | | | | | | | | | | | (0.115) |
| Retention costs/bonuses | | | | | | | (0.390) | | | | | | | | (0.390) |
| **Subtotal - Restructuring** | | (1.765) | | (1.500) | (1.225) | | (0.390) | (2.625) | (0.650) | (0.075) | (0.125) | (1.225) | (0.650) | (0.138) | (10.367) |
| **Total Cash Disbursements** | | (4.175) | (3.596) | (6.717) | (7.133) | (1.071) | (3.842) | (6.923) | (4.218) | (4.623) | (3.510) | (5.899) | (5.914) | (4.392) | (62.013) |
| **Operating Cash Flow** | | (0.335) | 0.856 | (1.842) | (4.241) | 3.431 | (0.669) | (2.646) | (0.333) | (0.660) | 0.527 | (1.497) | 0.555 | (0.843) | (7.697) |
| Delayed draw term loan | | 5.750 | | | | | | | | 1.000 | | 1.000 | | 0.579 | 8.329 |
| LC - cash collateral | | (0.500) | | | | | | | | | | | | | (0.500) |
| Interest payments | | | | | | (0.260) | | | | (0.260) | | | | (0.260) | (0.780) |
| **Net Financing Cash Flow** | | 5.250 | | | | (0.260) | | | | 0.740 | | 1.000 | | 0.319 | 7.049 |
| **Ending Cash Balance - book** | | 7.749 | 8.605 | 6.763 | 2.522 | 5.693 | 5.024 | 2.378 | 2.045 | 2.125 | 2.652 | 2.155 | 2.710 | 2.186 | 2.186 |
| Availability | | | | | | | | | | | | | | | |
| **Total Liquidity - book** | | 7.749 | 8.605 | 6.763 | 2.522 | 5.693 | 5.024 | 2.378 | 2.045 | 2.125 | 2.652 | 2.155 | 2.710 | 2.186 | 2.186 |
| Cash deposit float | | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) | (2.000) |
| **Total Liquidity (Need)** | | 5.749 | 6.605 | 4.763 | 0.522 | 3.693 | 3.024 | 0.378 | 0.045 | 0.125 | 0.652 | 0.155 | 0.710 | 0.186 | 0.186 |

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

9/1/2019

| DATE (MM/DD/YYYY) |
|---|
| 3/21/2019 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER Lockton Insurance Brokers,LLC<br>CA License #0F15767<br>725 S. Figueroa Street, 35th fl.<br>Los Angeles CA 90017<br>213-689-0065 | CONTACT NAME: | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Fireman's Fund Insurance Company | | 21873 |
| INSURED 1434759 Z Gallerie Holdings, LLC<br>Z Gallerie, LLC<br>1855 W 139th Street<br>Gardena CA 90249 | INSURER B : Sompo America Insurance Company | | 11126 |
| | INSURER C : Great American Insurance Company | | 16691 |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

**COVERAGES**   ZGALH01      **CERTIFICATE NUMBER:**   15973048      **REVISION NUMBER:**   XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>CLAIMS-MADE [X] OCCUR<br><br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>X POLICY [ ] PRO-JECT [ ] LOC<br>OTHER: | Y | N | DXJ80990293 | 9/1/2018 | 9/1/2019 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| A | AUTOMOBILE LIABILITY<br>X ANY AUTO<br>OWNED AUTOS ONLY / SCHEDULED AUTOS<br>HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | N | N | DXJ80990293 | 9/1/2018 | 9/1/2019 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | | | | | | Comp/Coll Ded | $ 1,000 |
| C | X UMBRELLA LIAB [X] OCCUR<br>EXCESS LIAB [ ] CLAIMS-MADE<br>DED [ ] RETENTION $ | Y | N | UMB9999709 | 9/1/2018 | 9/1/2019 | EACH OCCURRENCE | $ 25,000,000 |
| | | | | | | | AGGREGATE | $ 25,000,000 |
| | | | | | | | | $ XXXXXXX |
| B B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [N]<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | N | WCDS1036K0 (AOS)<br>WCNS1073V0 (WI) | 9/1/2018<br>9/1/2018 | 9/1/2019<br>9/1/2019 | X PER STATUTE [ ] OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
THIS CERTIFICATE SUPERSEDES ALL PREVIOUSLY ISSUED CERTIFICATES FOR THIS HOLDER, APPLICABLE TO THE CARRIERS LISTED AND THE POLICY TERM(S) REFERENCED.
Office of the United States Trustee for the District of Delaware is an Additional Insured to the extent provided by the policy language or endorsement issued or approved by the insurance carrier. Notice of Cancellation applies per attached endorsement(s).

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| **15973048**<br>Office of the United States Trustee<br>for the District of Delaware<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)        The ACORD name and logo are registered marks of ACORD

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Z GALLERIE, LLC, *et al.*,[1] | ) | Case No. 19-10488 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. 7** |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) continue to operate their Cash Management System, (ii) honor certain prepetition obligations related thereto, and (iii) maintain existing Business Forms in the ordinary course of business, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Z Gallerie, LLC (3816) and Z Gallerie Holding Company, LLC (5949).  The location of the Debtors' service address is: 1855 West 139th Street, Gardena, CA 90249.

[2]    Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on April 10, 2019, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on April 3, 2019, and shall be served on:  (a) the Debtors, 1855 West 139th Street, Gardena, CA 90249, Attn: Mark Weinsten; (b) proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Emily K.S. Kehoe, (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn: Justin R. Bernbrock and Joshua A. Altman;  (c) proposed co-counsel to the Debtors, (i) Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti and Michael W. Yurkewicz; (d) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Jaclyn Weissgerber, Esq.; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) counsel to the DIP Financing Agent, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Mary F. Caloway.  In the event no objections to entry

2

of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      The Debtors are authorized, but not directed, on an interim basis, to: (a) continue operating the Cash Management System, substantially as identified on **Exhibit 1** attached hereto and as described in the Motion; (b) honor their prepetition obligations related thereto; and (c) maintain existing Business Forms.

4.      The Debtors are further authorized, but not directed, on an interim basis, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit 2** attached hereto; (b) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (e) pay the Bank Fees (including any prepetition amounts); and (f) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform their obligations under the documents governing the Bank Accounts. Any postpetition fees, costs, charges and expenses, including Bank Fees, or charge-backs payable to the banks that are not so paid shall be entitled to priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code. As of the Petition Date, the Debtors shall print checks with the designation "Debtor in Possession."

5.      The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of

3

available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided* that (a) those certain existing deposit, cash management, and treasury services agreements (the "Bank Account Agreements") between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the respective Cash Management Bank, and all of the provisions of such agreements, including the termination and fee provisions and any provisions relating to offset or charge back rights with respect to returned items, shall remain in full force and effect, and (b) the Debtors and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including the closing of Bank Accounts or the opening of new bank accounts, in accordance with the terms of the DIP Order and DIP Documents.

6.      Subject to the terms of paragraph 15 of this Interim Order, the relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank.

7.      Within 5 days of the entry of this Interim Order, the Debtors shall contact the Cash Management Banks that are party to a UDA with the U.S. Trustee and:  (a) provide such bank with the Debtors' employer identification number and lead case number for these chapter 11 cases; and (b) identify each of their bank accounts as being held by a debtor in possession.

8.      For any banks that become Cash Management Banks that are not party to a UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute

4

a UDA in a form prescribed by the U.S. Trustee within 30 days of the Petition Date.  The

Debtors will also ensure that any funds held in any Bank Account not subject to a UDA will not

exceed the FDIC insured limits, as applicable, and will transfer funds to a Bank Account that is

subject to a UDA as necessary to comply with this order.  The Debtors will attach copies of the

bank statements (and redact all but the last four account numbers) for any Bank Accounts not

subject to a UDA to their Monthly Operating Reports.  The U.S. Trustee's rights to seek further

relief from this Court on notice in the event that the aforementioned banks are unwilling to

execute a UDA in a form prescribed by the U.S. Trustee are fully reserved.

9.      All banks, including the Cash Management Banks, provided with notice of this

Interim Order maintaining any of the Bank Accounts shall not honor or pay any bank payments

drawn on the listed Bank Accounts, or otherwise issued before the Petition Date, absent further

direction from the Debtors.

10.     The Debtors will maintain records in the ordinary course reflecting transfers of

cash, if any, so as to permit all such transactions to be ascertainable.

11.     In the course of providing cash management services to the Debtors, each of the

Cash Management Banks is authorized, subject to the terms of the Bank Account Agreements,

and without further order of this Court, to deduct the applicable fees and expenses associated

with the nature of the deposit and cash management services rendered to the Debtors, whether

arising prepetition or postpetition, from the appropriate accounts of the Debtors, and further, to

charge back to the appropriate accounts of the Debtors any amounts resulting from returned

checks or other returned items, including returned items that result from wire transfers, ACH

transactions, or other electronic transfers of any kind, regardless of whether such items were

deposited or transferred prepetition or postpetition and regardless of whether the returned items

5

relate to prepetition or postpetition items or transfers; *provided* that the Cash Management Banks shall not be authorized to debit any claim or charges not in the ordinary course of business and not authorized under applicable Bank Account Agreements.

12.     Each of the Cash Management Banks is authorized to debit the Debtors' accounts in the ordinary course and without further order of this Court on account of (a) all checks drawn on the Debtors' accounts that have been cashed at such banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtors' accounts with such bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; (c) any reimbursement or payment obligations, such as overdrafts, arising under the Bank Account Agreements; and (d) all undisputed prepetition amounts and postpetition amounts, including Bank Fees, if any, owed to any bank as service charges for the maintenance of the Cash Management System.

13.     Any bank, including a Cash Management Bank, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior or subsequent to the Petition Date should be honored or dishonored pursuant to any order of this Court, and no bank that honors a prepetition or postpetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition or postpetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures, shall be deemed to be nor

6

shall be liable to the Debtors, their estates, or any other party or otherwise deemed to be in violation of this Interim Order.

14.     Any and all banks, including the Cash Management Banks, are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15.     The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may deem necessary and appropriate; *provided* that such actions are not prohibited or restricted by the terms of the DIP Order and any of the DIP Documents; *provided, further*, that the Debtors shall give notice within 15 days to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases of the opening or closing of any Bank Accounts and such opening or closing shall be timely indicated on the Debtors' monthly operating reports; *provided, further*, that the Debtors shall open any such new Bank Account at banks that have executed a UDA with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

16.     The Cash Management Banks are authorized to follow any instruction made pursuant any applicable blocked account or control agreement by any lender party to such agreement with respect to the disposition of any Bank Accounts (and all deposits therein) maintained with such Cash Management Bank following the exercise of any remedies of such lender.

7

17.     Nothing contained herein shall permit any Cash Management Bank to terminate any cash management services without 30 days prior written notice to the Debtors, U.S. Trustee, and any official committee appointed in these chapter 11 cases.

18.     The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

19.     For the avoidance of doubt, no party is permitted to collect, net, withhold, or setoff Fines arising from prepetition breaches of the terms of any Payment Processing Agreements or similar agreements in violation of the automatic stay imposed by section 362 of the Bankruptcy Code absent further order of this Court.

20.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

21.     Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

22.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Bank Fees.

23.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the

8

Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

24.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

25.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

28.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

29.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: March 12, 2019
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Cash Management System Schematic

Case 19-10488-LSS    Doc 513-1    Filed 03/26/19    Page 15 of 18



## EXHIBIT 2

**Bank Accounts**

*In re Z Gallerie, LLC, et al.*
List and Description of Bank Accounts

| Debtor | Bank Name | Account Number | Account Description | Notes |
|---|---|---|---|---|
| Z Gallerie, LLC | J.P Morgan Chase Bank - Operating Acount | xxx 0260 | Master Operating Account | Receive & Disburse Incoming & Outgoing Wire and ACH payment |
| Z Gallerie, LLC | J.P Morgan Chase Bank - Disbursement Account | xxx 0280 | Computer Check Disbursement / ZBA | Funding from Master Operating Account |
| Z Gallerie, LLC | J.P Morgan Chase Bank - Payroll Account | xxx 1629 | Payroll Account / ZBA | Funding from Master Operating Account |
| Z Gallerie, LLC | J.P Morgan Chase Bank - Merchant Credit Card | xxx 0270 | Credit Card Settlement | Funds are swept daily to Master Operating Account |
| Z Gallerie, LLC | J.P Morgan Chase Bank - Store Depository | xxx 1764 | Store Concentration Account | Funds are swept daily to Master Operating Account |
| Z Gallerie, LLC | Bank of America - Store Depository | xxx 5897 | Store Concentration Account | Transfer funds to Master Operating Account by check |
| Z Gallerie, LLC | Well Fargo Bank - Store Depository | xxx 1943 | Store Concentration Account | Transfer funds to Master Operating Account by check |