**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Z GALLERIE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>19-10488 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: 4/10/19 at 10 a.m.**<br>**Objection Deadline: 4/3/19 at 4 p.m.**<br><br>**Re: D.I. 123** |

**COMENITY BANK'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) AUTHORIZING AND APPROVING PROCEDURES TO PROVIDE NOTICE OF ADDITIONAL CLOSING STORES, IF REQUIRED, AND PROCEDURES RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

1. Comenity Bank ("Comenity"), by and through its undersigned counsel, submits its limited objection and reservation of rights with respect to the *Debtors' Motion Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, (II) Authorizing and Approving Procedures to Provide Notice of Additional Closing Stores, if Required, and Procedures Related Thereto, and (III) Granting Related Relief* (Doc No. 123) (the "Motion").

2. Comenity does not oppose the Debtors' efforts outlined in the Motion; however, Comenity files this limited objection to protect its financial interests and its interest in maintaining the confidentiality of certain proprietary business records and information. As set forth more fully below, Comenity finances the purchases of the Debtor's goods by the Debtor's customers. The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Z Gallerie, LLC (3816) and Z Gallerie Holding Company, LLC (5949). The location of the Debtors' service address is: 1855 West 139th Street, Gardena, CA 90249.

customers use a Private Label Credit Card issued by Comenity directly to the customer. When a purchase is made, the Debtor is paid immediately by Comenity, and then Comenity collects the amount owed by the customer over time. Comenity has issued thousands of Private Label Credit Cards and is owed millions of dollars.

3. This Limited Objection is filed to ensure that: (a) Comenity's right to continue to use the Debtor's Marks for the limited purpose of collecting amounts it is owed is not prejudiced by the Motion and (b) Comenity's confidential information (as well as consumers' private information) is not abandoned to third parties in violation of the Program Agreement (as those terms are defined below). Accordingly, Comenity requests that the relief granted in the order (the "Order") be conformed to this Limited Objection and applicable law, avoid prejudice to Comenity, and preserve Comenity's rights under the Program Agreement.

## RELEVANT FACTS

4. Comenity (formerly World Financial Network National Bank) and Z Gallerie, LLC (formerly Z Gallerie, Inc.)(the "Debtor") are parties to a Private Label Credit Card Program Agreement dated October 15, 2003, as amended (the "Program Agreement"). Under the Program Agreement, Comenity operates a private label credit card program with the Debtor (the "Card Program"). Comenity issues private label credit cards ("Private Label Cards") to qualified customers of the Debtor, and Comenity extends credit to those cardholders for purchases from the Debtor's stores or website. Comenity has sole discretion to make cardholder credit decisions, including whether to approve various types of special credit programs. Comenity advances payment to the Debtor for cardholder purchases, net of various amounts owed to Comenity, including chargebacks, refunds, returns, cardholder disputes, fees, in-store payments, and other amounts. Comenity owns the cardholder accounts and cardholder payments.

5. The Program Agreement (with all related information) is confidential by its own terms. Further, the Program Agreement (with all related information) contains Comenity's confidential commercial information subject to protection under Bankruptcy Code § 107(b). Comenity operates in a competitive market and the disclosure of Comenity's confidential commercial information would harm Comenity and would also provide Comenity's competitors and others with an unfair commercial advantage.[2] Accordingly, the Program Agreement imposes a duty of confidentiality upon Comenity and the Debtor. In addition to imposing a duty of confidentiality, the Program Agreement and related operating procedures require the Debtor to maintain cardholder transaction records for at least 12 months. This requirement is integral to Comenity's ability to collect amounts it is owed for cardholder purchases it financed in case of, *inter alia*, disputes or chargebacks.

6. Comenity is also granted the right to use the Debtor's trademarks, service marks, other rights pertaining to the Debtor's names (the "<u>Marks</u>") for the limited purpose of administering and collecting cardholder accounts; e.g., statements and other communications Comenity issues to cardholders for purchases bear the Marks so the Debtor's customers readily identify and understand the information. Pursuant to the Program Agreement, and for the business relationship to effectively function, the Debtor must maintain its business operations, including compliance with the Card Program's operating procedures and resolution of customer disputes; i.e., Comenity deducts amounts it is owed from the Debtor's *continued* sale of goods to customers who make their purchases using the Private Label Cards. The Debtor is also required to market, promote, participate in, and support the Card Program.

---

[2] This limited objection only generally describes certain non-economic terms of the Program Agreement. Comenity is not waiving confidentiality and reserves all rights with respect thereto.

7. The Debtor identified the Card Program as one of the Customer Programs to be continued. *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 8] (the "Customer Program Motion"), ¶ 10. The Debtor acknowledged that the Customer Programs are critical to the Debtor's customer base. In fact, Comenity has financed a significant percentage of the Debtor's sales and, accordingly, has a substantial indebtedness owed to it. The Customer Program Motion also generally described the settlement procedures with the Debtor for cardholder purchases, net of amounts due Comenity. The Debtor's continued use of the Private Label Cards requires that Comenity continue to process those transactions, which creates obligations between Comenity and the Debtor.

8. The Court approved the Customer Program Motion on an interim basis. *Interim Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Customer Obligations related Thereto, and (II) Granting Related Relief* [Docket No. 57] (the "Customer Program Order"). The Customer Program Order authorized the Debtor to continue to administer the Customer Programs currently in effect, including the Card Program. Comenity proceeded in accordance with the Customer Program Order and the Program Agreement. Comenity continues to finance cardholder purchases and to make payments to the Debtor net of amounts due Comenity under the Program Agreement. Comenity also continues to use the Marks to administer and collect cardholder accounts associated with those cardholder purchases.

9. The Program Agreement expires by its own terms on June 1, 2019, and the Debtor is transitioning to a different private label credit card issuer.

**LIMITED OBJECTION**

10. Comenity objects to the proposed Order on two bases: (1) the Order would permit the abandonment of confidential information to third-party landlords in violation of the confidentiality and document preservation provisions of the Program Agreement putting Comenity in jeopardy of substantial and irreparable financial harm; and (2) the Order appears to cutoff Comenity's rights to use the Marks which will dramatically and adversely affect Comenity's ability to collect the substantial indebtedness owed to it; i.e., customer purchases Comenity financed and for which the Debtor already has been paid.

**A.    The Debtors Should Not Be Permitted to Use the Rejection Procedures to Abandon Confidential Information**

11. The Debtors should not be permitted to use the Rejection Procedures to abandon Comenity's confidential information (including cardholder transaction records). The Rejection Procedures (Order, ¶2(h)) provide that the Debtors "shall generally describe the property in the Rejection Notice" and that the "Landlords may, in their sole discretion …, utilize and/or dispose of such property without liability to the Debtors or third parties …."

12. The foregoing procedures fail to address with sufficient clarity: (i) Comenity's right and the Debtor's agreement to keep strictly confidential certain business information Comenity provided to the Debtor, (ii) Comenity's right to adequate protection; i.e. it needs a continued limited use of the Marks to collect amounts owed to it and it also needs the Debtor to maintain certain records, and (iii) how the Debtor will handle private consumer information. The Debtors should be required to work with Comenity to preserve the business records as required by the Program Agreement; e.g. the Debtors should transfer such records to Comenity rather than simply abandon confidential records to third-party landlords.

**B.    The Order Should Not Strip Comenity's Rights to Limited Use of the Marks**

13.    Although it is not clear if the intended purpose of the Motion was to cut off Comenity's right to continued, limited use the Marks, that result would be particularly unfair and prejudicial to Comenity.  As noted, Comenity finances the purchases of goods by the Debtor's customers.  While the Debtor is paid immediately for such purchases, Comenity collects such amounts over time from the customers.  It is therefore critical to Comenity's collection efforts that it be able to continue to make limited use of the Marks to collect amounts owed; otherwise customers might not recognize the account statements as arising from their purchases with the Debtor.

14.    The Motion and Order cite to §§ 105(a) and 363(f) to permit the assignment of any contract, suggesting that an assignment is tantamount to a sale.  That sale would then be:

> free and clear of … (ii) any and all claims … rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these Chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise …."

(Order, ¶4).  The language of the Order is very broad and could be interpreted cut off an executory contract party's licensing rights, including Comenity's limited continued right to use the Marks to collect amounts owed to it.

15.    The Order, however, cannot be used to cut off Comenity's right to use the Marks.  As between the parties to an executory contract, assumption and assignment are governed by § 365.  Under § 365 and applicable caselaw, if an executory contract is to be assumed and assigned, it must be assumed and assigned *cum onere*.  NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199 (1984).  Thus, if the Program Agreement is assumed and assigned, then Comenity's right to use the Marks cannot be stripped.

16.     Further, even if § 363 did apply, Comenity would be entitled to adequate protection under § 363 (e).  Section 363(e) of the Bankruptcy Code is clear, unambiguous, and mandatory. Under § 363, courts are required to condition the sale of property to provide adequate protection of a third-party's interest.  Under § 363(e), on request of an entity that has an interest in the property to be sold, the court shall prohibit or condition the sale as is necessary to provide adequate protection of such interest.  Section 363(e) states, in part:

> Notwithstanding any other provision in this section, at any time, on request of an entity that has an interest in property … sold… or proposed to be … sold … by the trustee, the court, with or without a hearing, shall prohibit or condition such … sale … as is necessary to provide adequate protection of such interest…

11 U.S.C. § 363(e).  The requirement of adequate protection in § 363(e) is mandatory, and if adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited. Reiser v. Dayton Country Club Co. (In re Magness), 972 F.2d 689, 697 (6th Cir. 1992); 3 Collier on Bankruptcy P 363.05 (16th 2018).

17.     Under Bankruptcy Code § 361, the court has broad discretion to fashion adequate protection.  Section 361(3) is a catch-all provision, allowing courts discretion to fashion the adequate protection provided to a third party.  esolution Tr. Corp. v. Swedeland Dev. Grp. (In re Swedeland Dev. Grp.), 16 F.3d 552, 564 (3rd Cir. 1994)(citation omitted).

18.     Accordingly, Comenity must be given adequate protection of its interests as set forth in the Program Agreement.  In this case, Comenity's interest can be adequately protected under § 363(e) if the Sale Order provides that the property being sold: (a) is subject to Comenity's continuing interests in the Marks under the Program Agreement; and (b) Comenity's confidential information will be kept confidential by the Debtor or transferred to Comenity but in no event sold or abandoned.  In re Dynamic Tooling Sys., Inc., 349 B.R. 847, 856 (Bankr. D. Kan. 2006)(holding that a court can ameliorate the harm of a 363 sale would work by ordering that the transfer to

purchaser be subject to whatever licensee rights a licensee has in the debtor's intellectual property). Comenity has thousands of cardholder accounts and the use of the Marks is necessary for Comenity to administer and collect the cardholder purchases from the Debtor.

19. Comenity reserves all rights, including the right to raise additional objections with respect to the Order and any related matters and any revisions thereto. Comenity reserves the right, if necessary, to offer testimony from the following witnesses in support of this limited objection:

    a. A representative of Comenity;

    b. Any witness identified by the Debtor or any other responding party; and

    c. Any witness necessary to rebut the evidence offered by the Debtor or any other responding party.

WHEREFORE, Comenity requests that (a) ¶2(h) of the Rejection Procedures clarify that no confidential information of third-parties will be abandoned to the landlords or other third-parties; (b) ¶4 of the Order clarify that contracting parties rights under §365 are unaffected (or entitled to adequate protection); and (c) that the Court grant Comenity such other and further relief to which it may be entitled at law or in equity or that the Court deems just and proper.

Dated:  April 3, 2019
       Wilmington, Delaware

Respectfully submitted,

*/s/ Scott J. Leonhardt*
Frederick B. Rosner
Scott J. Leonhardt
THE ROSNER LAW GROUP LLC
824 Market Street, Suite 810
Wilmington, DE 19801
rosner@teamrosner.com
leonhardt@teamrosner.com

-and-

Robert B. Berner (0020055)
(admitted pro hac vice)
BAILEY CAVALIERI LLC
1250 Kettering Tower
Dayton, OH 45423
(937) 223-4701 / Fax: (937) 223-0170
RBerner@baileycav.com

-and-

Matthew T. Schaeffer (0066750)
(admitted pro hac vice)
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
(614) 229-3252 / Fax: (614) 221-0479
MSchaeffer@baileycav.com

*Attorneys for Comenity Bank*