UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO.19-10488 (LSS) |
| Z GALLERIE, LLC., et al, | Chapter 11<br>Jointly Administered |
| DEBTORS. | Hearing: April 10, 2019 at 10:00 a.m. (ET) |

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION SEEKING INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY, (II) APPROVING PROCEDURES FOR STORE CLOSING SALES,  . . . AND (IV) GRANTING RELATED RELIEF**

TO THE HONORABLE COURT:

NOW COME Allen ISD, Bexar County, Dallas County, Fort Bend County, Harris County, Montgomery County and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order authorizing Debtors to conduct certain store closing sales, and for other related relief (hereinafter the "Store Closing Motion").    In support of their Objection, the Tax Authorities would show the Court the following:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have filed secured claims totaling approximately $67,000 for ad valorem taxes owed on the Debtors' personal property for the 2019 tax year.

1

II.

The claims of the Tax Authorities are secured with unavoidable liens on the Debtors personal property that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code  § § 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law.   11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979).   The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.   See Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).   The tax lien arises on January 1 of each tax year and "floats" to after acquired property.   See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor.   See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).   The Tax Authorities' liens are "Permitted Liens" which the Debtors do not seek to have primed or subordinated pursuant to their DIP Financing Motion (Dkt. No. 26).

III.

The Store Closing Motion provides that "all sales of Store Closure Assetts, shall be – free and clear of any and all of any liens . . ." and "that any such of any liens   . . . and other interests shall attach to the proceeds of the sale of the Store Closing Assets with the same validity, in the same amount, with the same priority as, and to the same extent that any such liens, claims and

2

encumbrances have with respect to the Store Closure Assets." Interim Order (I) Approving Procedures for Store Closing Sales . . . and (III) Granting Related Relief, paragraph 25, page8, docket no. 74. However this is insufficient to adequately protect the liens of the Tax Authorities. The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors Ashall segregate and account for any cash collateral@ in their possession. The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants= collateral. Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).

The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. § § 506(b), 511 and 1129, are paid in full

IV.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Store Closing Motion and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request other and such relief as is just and proper.

Dated: April 3, 2019

                                Respectfully submitted,

                                LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

                                BY:   /s/ Elizabeth Weller
                                         Elizabeth Weller
                                         Tex. Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000
Dallas, TX 75207
 (469)221-5075 phone
(469)221-5003 fax
BethW@publicans.com email

Counsel for the Local Texas Tax Authorities

### CERTIFICATE OF SERVICE

I hereby certify that this 3rd day of April, 2019, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via electronic mail as indicated.

   /s/ Elizabeth Weller
Elizabeth Weller


Kirkland and Ellis LLP
Joshua Sussberg at joshua.sussberg@kirkland.com
Justin Bernbrock at justin.bernbrock@kirkland.com
Joshua Altman at joshua.altman@kirkland.com

Klehr Harrison Harvey Branzburg LLP
Domenic Paciti at dpacitti@klehr.com
Michael Yurkewicz at myurkewicz@klehr.com

Buchanan Ingersoll & Rooney PC
Mary Caloway at mary.caloway@bipc.com
Mark Pfeiffer at mark.pfeiffer@bipc.com

Proskauer Rose LLP
Vincent Indelicato at vindelicato@proskauer.com
Chris Theodoridis at ctheodoridis@proskauer.com

Morris, Nichols, Arsht & Tunnell,LLP
Curtis Miller at cmiller@mnat.com
Mathew Harvey at mharvey@mnat.com