## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Z GALLERIE, LLC, *et al.*,[1] | ) | Case No. 19-10488 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on April 9, 2019, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 191] (the "Procedures Order").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that the leases set forth on **Schedule 2** (the "Leases") attached hereto will be rejected effective as of the date (the "Rejection Date") set forth on **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Lease agree.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Z Gallerie, LLC (3816) and Z Gallerie Holding Company, LLC (5949).  The location of the Debtors' service address is:  1855 West 139th Street, Gardena, CA 90249.

[2]   The Procedures Order is attached hereto as **Schedule 1**. Capitalized terms used and not otherwise defined herein have the meanings given to them in the Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Leases must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Justin Ryan Bernbrock; (ii) co-counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn; Domenic E. Pacitti; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jaclyn Weissgerber; (iv) counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, New York 10001, Attn: Seth Van Aalten and Michael Klein; (v) co-counsel to the Committee, Whiteford, Taylor & Preston LLC, The Renaissance Center, 405 North King Street, Suite 500, Wilmington, Delaware 19801, Attn: Christopher M. Samis; and (vi) counsel to the DIP Agent, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 990, Wilmington, Delaware 19801, Attn: Mary F. Caloway.  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Lease shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Lease agree; *provided*, *however*, that the Rejection Date for any Lease shall not occur until the later of

---

[3] An objection to the rejection of any particular Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other lease listed in this Rejection Notice.  Any objection to the rejection of any particular Lease listed in this Rejection Notice must state with specificity the Lease to which it is directed.  For each particular Lease whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Procedures Order.

(i) the Rejection Date set forth in this Rejection Notice; (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; and (iii) the expiration of the applicable Rejection Objection Deadline; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to the Rejection Procedures shall not occur earlier than the date the Debtors filed and served this Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Lease or Leases to which such objection relates.  If such objection is overruled or withdrawn, such Lease or Leases shall be rejected as of (i) the date agreed to by the Debtors and the Rejection Counterparty or (ii) such date as may be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Lease counterparty as a security deposit or other arrangement, the Lease counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Leases otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent a timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date. After the Rejection Date, landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties.

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Lease or Leases, you must do so before the later of (a)  May 17, 2019 at 11:59 p.m., prevailing Eastern Time, or (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (i) service of entry of an order approving the rejection of any Lease of the Debtors or (ii) the effective date of a rejection of any Lease pursuant to operation of any Court order.   IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, PRECLUDED FROM VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES AND/OR RECEIVING DISTRIBUTIONS FROM THE DEBTORS ON ACCOUNT OF SUCH CLAIMS IN THESE CHAPTER 11 CASES.

*[Remainder of this page intentionally left blank]*

Dated:  April 16, 2019     */s/ Domenic E. Pacitti*
Wilmington, Delaware     Domenic E. Pacitti (DE Bar No. 3989)
           Michael W. Yurkewicz (DE Bar No. 4165)
           **KLEHR HARRISON HARVEY BRANZBURG LLP**
           919 N. Market Street, Suite 1000
           Wilmington, Delaware 19801
           Telephone: (302) 426-1189
           Facsimile: (302) 426-9193

           -and-

           Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
           **KIRKLAND & ELLIS LLP**
           **KIRKLAND & ELLIS INTERNATIONAL LLP**
           601 Lexington Avenue
           New York, New York 10022
           Telephone: (212) 446-4800
           Facsimile: (212) 446-4900

           -and-

           Justin R. Bernbrock (admitted *pro hac vice*)
           **KIRKLAND & ELLIS LLP**
           **KIRKLAND & ELLIS INTERNATIONAL LLP**
           300 North LaSalle
           Chicago, Illinois 60654
           Telephone: (312) 862-2000
           Facsimile: (312) 862-2200

           *Co-Counsel for the Debtors and Debtors in Possession*

## <u>Schedule 1</u>

**Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Z GALLERIE, LLC, *et al.*,[1] | ) | Case No. 19-10488 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No.  123** |

## ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) AUTHORIZING AND APPROVING PROCEDURES TO PROVIDE NOTICE OF ADDITIONAL CLOSING STORES, IF REQUIRED, AND PROCEDURES RELATED THERETO

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming executory contracts and unexpired leases, (b) authorizing and approving the Additional Store Closing Notice Procedures for providing notice of additional closing stores, if required, and procedures related thereto, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 19, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Z Gallerie, LLC (3816) and Z Gallerie Holding Company, LLC (5949).  The location of the Debtors' service address is:  1855 West 139th Street, Gardena, CA 90249.

[2]   Capitalized terms used and not defined herein have the meanings given to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed

the Motion and upon Certification of Counsel; and this Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted to the extent set forth herein.

2.  The following Rejection Procedures are approved in connection with rejecting

Contracts:

    a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Rejection Notice</u>") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>"); (iv) the proposed effective date of rejection for such Contract(s) (the "<u>Rejection Date</u>"); (v) if any such Contract is a lease, the personal property to be abandoned (the "<u>Abandoned Property</u>"), if any, and an estimate of the book value of such property, if practicable; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100.

    b.    ***Service of the Rejection Notice***.  The Debtors will cause the Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the U.S. Trustee for the District of Delaware; (B) the Committee; (C) the Secured Credit Agreement Agent; (D) counsel to the Secured Credit Agreement Agent; (E) counsel to the DIP Agent; (F) the United States Attorney's Office for the District of Delaware; (G) the Internal Revenue Service; (H) the United States Securities and Exchange Commission; (I) the state attorneys general for all states in which the Debtors conduct business; (J) any party known by the Debtors

to have an interest in any Abandoned Property; and  (K) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.      ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors chapter 11 cases  no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"):  (i) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Emily Kehoe and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Justin Ryan Bernbrock, and Joshua Altman; (ii) proposed co-counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, Delaware 19801, Attn; Domenic E. Pacitti; (iii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jaclyn Weissgerber; (iv) counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, New York 10001, Attn: Seth Van Aalten and Michael Klein; (v) co-counsel to the Committee, Whiteford, Taylor & Preston LLC, The Renaissance Center, 405 North King Street, Suite 500, Wilmington, Delaware 19801, Attn: Christopher M. Samis; and (vi) counsel to the DIP Agent, Buchanan Ingersoll & Rooney PC, 919 North Market Street, Suite 1500, Wilmington, Delaware 19801, Attn: Mary F. Caloway.

d.      ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice; (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; and (iii) the expiration of the applicable Rejection Objection Deadline; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

---

[3]   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

e.     ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty, the objecting party, and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date either (i) agreed to by the Debtors and the Rejection Counterparty or (ii) determined by the Court and set forth in an order approving the rejection.

f.     ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

g.     ***Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.     ***Abandoned Property***.  The Debtors are authorized, but not directed, upon the Rejection Date, to abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; *provided*, *however*, notwithstanding anything to the contrary in this Order, the Debtors shall not abandon or destroy any records that refer or relate to the Private Label Credit Card Program Agreement between Comenity Bank and Z Gallerie, Inc. dated as of October 15, 2003, as amended (the "Program Agreement") (including, without limitation, records regarding the operations of the private label credit card program and any cardholder information) that may be located on the Debtors' leased premises that are subject to a rejected Contract.

i.     ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed before the later of (i)  May 17, 2019 at 11:59 p.m., prevailing Eastern Time, or (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) the service of entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any Contract pursuant to

operation of any Court order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3. The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

    a.    ***Assumption Notice***. The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "<u>Assumption Notice</u>") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) proposed form of order effectuating the assumption of the Contract substantially in the form attached to the Assumption Notice as **Schedule 3** (the "<u>Assumption Order</u>") (ii) the Contract or Contracts to be assumed; (iii) the Debtor or Debtors party to such Contract; (iv) the names and addresses of the counterparties to such Contracts (each an "<u>Assumption Counterparty</u>"); (v) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (vi) the effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (vii) the proposed cure amount, if any for each such Contract; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100.

    b.    ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance[5] of future performance to be served with the Assumption

---

[4] The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5] Evidence of adequate assurance may include: (i) the specific name of the proposed assignee/tenant, if not the prospective purchaser, and the proposed name under which the assignee intends to operate the store if not a current trade-name of the Debtors; (ii) the potential assignee's intended use for the space if different from the present retail operation; (iii) audited financial statements and annual reports for the proposed assignee for the past three (3) years, including all supplements or amendments thereto; (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the lease(s) subject to the assignment request, and any financial projections, calculations, and/or pro-formas prepared in

Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c.  **_Objection Procedures_**.  Parties objecting to a proposed assumption or assumption and assignment (including as to the proposed cure amount), as applicable, of a Contract must file and serve a written objection[6] so that such objection is filed with this Court no later than fourteen (14) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.  **_No Objection_**.  If no objection to the assumption of any Contract is timely filed, the Debtors may submit the Assumption Order to the Court under a certificate of no objection and the proposed cure amount set forth in the Assumption Order shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.

e.  **_Unresolved Timely Objection_**.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be assumed as of the applicable Assumption Date either (i) agreed to by the Debtors and the Assumption Counterparty or (ii) determined by the Court, and set forth in the Assumption Order.

f.  **_Removal from Schedule_**.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

---

contemplation of purchasing the lease(s); (v) all documents and other evidence of the potential assignee's retail experience and experience operating stores in a shopping center; and (vi) a contact person for the proposed assignee that Landlords may directly contact in connection with the adequate assurance of future performance. Should the prospective assignee be a newly formed entity (a "Newco"), written evidence of adequate assurance of future performance should also include when such Newco was formed, how it will be financed, together with evidence of any financial commitments, and identify what credit enhancements, if any, will be available to guarantee the obligations under the leases.

[6]  An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

4.     For the avoidance of Doubt, this Order shall not function as an assumption and assignment of Comenity's Program Agreement and all parties reserve all rights related to any such potential assumption and assignment.

5.     Prior to sending an Additional Store Closing Notice, the Debtors will consult with the DIP Lender, the Committee, the Prepetition Secured Parties (as defined in the DIP Order), and, as applicable, a Successful Bidder in the Auction process with respect to the determination regarding whether to close additional stores.

6.     The following Additional Store Closing Notice Procedures are approved in connection with closing Additional Closing Stores:

    a.     ***Additional Store Closing Notice***.   The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 3**, attached hereto (the "Additional Store Closing Notice") and serve such notice on the applicable landlords (the "Additional Closing Store Landlords"), the Additional Closing Store Landlords' counsel, if known, the Prepetition Secured Parties, and any other interested parties by email (to the extent available to the Debtors) or overnight mail.  With respect to Additional Closing Store Landlords, the Debtors will mail such notice to the notice address set forth in the lease for such Additional Closing Store (or, if none, at the last known address available to the Debtors).

    b.     ***Objection Procedures***.  Additional Closing Store Landlords and any interested parties who object to the Additional Store Closing (as applicable) must file and serve a written objection[7] so that such objection is filed with this Court no later than fourteen (14) days after service of the applicable Additional Closing Store Notice and promptly serve such objection on the Objection Service Parties.

    c.     ***No Objection***.  If no objection to the Additional Store Closing Notice is timely filed, the Debtors should be authorized, pursuant to sections 105(a), and 363(b) and (f) of the Bankruptcy Code, to proceed with the closings of the Additional Closing Store in accordance with this Order and a final order entered in connection with the Store Closing Motion (such final order, the "Store Closing Order").

---

[7]   An objection to the addition of any particular Contract listed on an Additional Store Closing Notice shall not constitute an objection to the any other store closing listed on such Additional Store Closing Notice.

    d.      ***Unresolved Timely Objection***.  If any objections are filed with respect to the Additional Store Closings, and such objections are not resolved, the objections will be considered by the Court at the next regularly scheduled hearing, subject to the rights of any party to seek relief on an emergency basis on shortened notice, to the extent necessary so that the Debtors can move promptly to maximize value and minimize expenses for the benefit of their creditors and stakeholders.

    e.      ***Store Closing Procedures***. The Store Closing Procedures approved by this Court in the Store Closing Order, as well as all other applicable provisions of the Store Closing Order, shall be applicable to the Additional Store Closings. A copy of the Store Closing Order shall be sent to landlords along with the Additional Store Closing Notice.

7.      The Dispute Resolution Procedures, waiver of compliance with applicable Fast Pay Laws or liquidation sale laws, and approval of the Store Closing Bonus Plan (each as defined and discussed in the Store Closing Motion and approved by final order on the Store Closing Motion) are hereby approved in conjunction with the closing process of any Additional Closing Stores.

8.      Notwithstanding the relief granted in this  Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment

made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

9.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Procedures, the Assumption Procedures, and the Additional Store Closing Notice Procedures.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 9th, 2019
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

[Exhibits to Procedures Order Omitted]

## Schedule 2

### Rejected Leases

| Store Number | Store Address | Counterparty | Debtor Counterparty | Description of Lease[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|---|
| 5 | 1023 S Delano Court F-123 Chicago, IL 60605 | McCaffery | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 26 | 2154 Union Street San Francisco, CA 94123 | Zeiden Properties, LLC | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 39 | 1457 North Halstead Street # b102 Chicago, IL 60642 | 1515 N Halsted, LLC | Z Gallerie, LLC | Non-residential real property | Only as previously agreed in writing with landlord. | April 30, 2019 |
| 43 | 2500 N. Mayfair Rd, #384 Wauwatosa, WI 53226 | General Growth Properties, Inc. | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 56 | 752 Brookwood Village Birmingham, AL 35209 | Colonial Properties Trust | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 58 | 1556 Mount Diablo Blvd, Walnut Creek, CA 94596 | UE Patson Mt Diablo LP | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 59 | 700 Baybrook Mall #A125, Friendswood, TX 77546 | General Growth Properties, Inc. | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 61 | 1155 Saint Louis Galleria # 1087 St.Louis, MO 63117 | General Growth Properties, Inc. | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 67 | 24511 Cedar Road, #E33, Lyndhurst, OH 44124 | Legacy Village Investors | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in | April 30, 2019 |

---

[1]  The inclusion of a Lease on this list does not constitute an admission as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.

| | | | | | the ordinary course of business. | |
|---|---|---|---|---|---|---|
| 78 | 1140 Bellevue Square, Sp 1140, Lv B, Bellevue, WA 98004 | Bellevue Square, LLC | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 23 | 3301 Veterans Blvd., #38, Metairie, LA 70002 | Causeway, LLC | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 48 | 5901 E Galbraith Rd, Space #115, Cincinnati, OH 45236 | Kenwood Collection Retail, LLC | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 66 | 3180 Galleria, Edina, MN 55435 | Galleria Shopping Center, LLC | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 71 | 1245 Worcester Street, Space #2064, Natick, MA 01760 | General Growth Properties, Inc. | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |
| 86 | 180 Hillside Road, Cranston, RI 02920 | Gateway Woodside | Z Gallerie, LLC | Non-residential real property | Trade fixtures, furniture, and equipment used in the ordinary course of business. | April 30, 2019 |