# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Z Gallerie, LLC, *et al.*<br><br><br>Debtors. | Chapter 11<br><br>Case No. 19-10488 (LSS)<br>(Jointly Administered)<br><br>**Hearing Date: May 1, 2019 at 10:00am**<br>**Objections Due: April 24, 2019 at 4:00pm[1]**<br><br>Dkt. Ref. No. 105, 106 |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THRETO; AND (V) GRANTING RELATED RELIEF**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Joint Chapter 11 Plan; (III) Approving the Forms of Ballots and Notices in Connection Therewith; (IV) Scheduling Certain Dates with Respect Thereto; and (V) Granting Related Relief (the "Motion," D.I. 106), and in support of his Objection, respectfully states as follows:

## PRELIMINARY STATEMENT

The Disclosure Statement fails to satisfy the adequate information standard of section 1125 of the Bankruptcy Code. It does not contain a liquidation analysis, demonstrate the Plan's feasibility, or include projected recoveries for voting creditors. Furthermore, certain Plan

---

[1] Extended until April 29, 2019, at 11:00am for the U.S. Trustee.

provisions render the proposed Plan unconfirmable as a matter of law.  Accordingly, the Motion should be denied.

## JURISDICTION

1. Under (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has a duty to monitor and comment on plans and disclosure statements filed in chapter 11 cases.

4. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

5. On March 11, 2019 (the "Petition Date"), the Debtors filed their voluntary chapter 11 petitions in this Court.

6. The U.S. Trustee appointed an Official Committee of Unsecured Creditors on March 25, 2019.  (D.I. 107.)

7.     On the Petition Date, the Debtors filed their Joint Chapter 11 Plan of Reorganization (the "Plan," D.I. 16).  The Plan contemplates either a going-concern sale or a going-concern reorganization of the Debtors.

8.     On March 22, 2019, the Debtors filed the Disclosure Statement Relating to the Plan (the "Disclosure Statement," D.I. 105), along with the Motion.  According to the Disclosure Statement, only Classes 4 through 7 are impaired and entitled to vote.  (D.I. 105, p. 11.)  The projected recoveries for these classes is currently unknown.  (D.I. 105, pp. 12-15.)

9.     The Disclosure Statement was filed without a liquidation analysis or future financial projections, providing only placeholders.  (D.I. 105, p. 7.)  Neither the liquidation analysis nor the future financial projections have been filed to date.

## ARGUMENT

10.    "[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."  *In re Phoenix Petroleum, Inc.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001).  Section 1125(a) of the Bankruptcy Code defines "adequate information" as information of a kind and in sufficient detail to enable a hypothetical, reasonable investor to make an informed judgment about the plan.

11.    The Debtors bear the burden of proving that the Disclosure Statement contains adequate information, "including showing that the plan is confirmable or that defects might be cured or involve material facts in dispute."  *In re Am. Capital Equip., LLC*, 688 F.3d 145, 154-55 (3d Cir. 2012).

12.    The U.S. Trustee objects to the adequacy of the information in the Disclosure

Statement because it does not contain a liquidation analysis, demonstrate the Plan's feasibility, or include projected recoveries for voting creditors.

13. In addition, without waiving his right to raise further issues at confirmation, the U.S. Trustee submits that the Disclosure Statement should not be approved for solicitation because it proposes a Plan that cannot be confirmed as currently drafted.

14. The Disclosure Statement misstates the scope of the relief that may be provided by the proposed Plan. Article IV.A.1 of the Disclosure Statement, entitled "General Settlement of Claims and Interests" provides that:

> The Plan will constitute a good-faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, discharged, or otherwise resolved pursuant to the Plan. The Plan will be deemed a motion to approve the good-faith compromise and settlement of all such Claims, Interest, Causes of Action, and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy Code and Rule 9019, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates.

15. Section 1123 of the Bankruptcy Code sets forth what a plan must and may contain. The standard for confirmation is found in 11 U.S.C. § 1129. To the extent a plan of reorganization is confirmed, a debtor may benefit from the discharge provisions found in 11 U.S.C. § 1141. A plan is not, in itself, a settlement, and the standard set forth by Bankruptcy Rule 9019 cannot be substituted for the explicit requirements of the Bankruptcy Code. *Cf. SCH Corp. v. CFI Class Action Claimants*, 597 F. App'x 143 (3d Cir. 2015) (finding that a post-confirmation settlement under Bankruptcy Rule 9019 was in fact a modification of a confirmed plan and remanding to the Bankruptcy Court to evaluate same under section 1127 of the Bankruptcy Code).

16. For the reasons set forth above, the Motion should be denied.

## **CONCLUSION**

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and grant any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**REGION 3**

Dated: April 29, 2019            BY: */s/Jaclyn Weissgerber*
                                 Jaclyn Weissgerber, Esq. (No. 6477)
                                 United States Department of Justice
                                 Office of the United States Trustee
                                 J. Caleb Boggs Federal Building
                                 844 N. King Street, Room 2207
                                 Wilmington, DE 19801
                                 (302) 573-6492